JOHN G. PLATT, #224628
Hangtown Legal
P.O. Box 1835
Placerville, CA 95667-1835
(530) 621-9531

Lawyer for Brandon Van Booven

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Northern Insurance Company of New York,<br>　　　　Plaintiff,<br>v.<br>Sara H. Orrick dba Pacific Underground Services; Randall R. Orrick dba Pacific Underground Services; and Brandon Van Booven,<br>　　　　Defendants. | CASE NO: C 05 02319 MMC<br><br>**STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT, (PROPOSED) ORDER OF COURT**<br><br>(Local Rule 7-12)<br><br>HONORABLE MAXINE M. CHESNEY |

**RECITALS**

On October 31, 2005, this Court ordered that the Parties conduct private mediation in the aforementioned matter.

A "JAMS" Mediation was conducted by Judge Ellen S. James, (Ret), on January 27, 2006.

As a result of that mediation, a settlement of all issues between the parties was reached.

The terms and conditions of this settlement were incorporated into formal agreements (Settlement Agreements), which are attached hereto and incorporated herein as Exhibit A.

**STIPULATIONS**

The Parties herein agree that the Settlement Agreements attached as

1 | Exhibit A represent the full and final agreement of the Parties.

2 | The Parties herein agree that the Settlement Agreements should be
3 | approved by this Court and request this Court so approve the Settlement
4 | Agreements.
5 | IT IS SO STIPULATED.
6 | Dated: 3/24/06                                    Dated: March 22, 06
7 | _____                       _____
   | Michael R. Velladao, Esq.                         John G. Platt
8 | Lewis, Brisbois, *et al*, LLP                     Lawyer for Brandon Van Booven
   | For Nothern Insurance Company of
9 | New York
10 | Dated: March 22, 06
11 | _____
   | Jack D. Eskridge
12 | Gumbiner & Eskridge LLP
   | Attorney for Randall and Sarah
13 | Orrick, as individuals and Partners
   | for Pacific Underground Services
14
15
16
                                    **ORDER**
17
        The Court approves the Stipulated Settlement Agreements attached as
18
Exhibit A, and
19
**PURSUANT TO STIPULATION, IT IS SO ORDERED.**   The Clerk shall close the file.
20
DATED:   April 3, 2006
21
22                                          _____
23                                          MAXINE M. CHESNEY , Judge
                                            Federal District Court, Northern
24                                          District of California
25
26
27
28

# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

## 1.0 Parties

The Parties to this Settlement Agreement and Release of All Claims (hereinafter "Agreement") are as follows:

1.1   Sara H. Orrick;

1.2   Randall R. Orrick;

1.3   Sara H. Orrick and Randall R. Orrick are collectively referred to as the "Orricks".

1.4   Pacific Underground Services, a partnership ("Pacific Underground Services").

1.5   The Orricks and Pacific Underground Services are collectively referred to as "Pacific Underground".

1.6   Northern Insurance Company of New York ("Northern").

1.7   Northern and all of its past, present and future officers, directors, agents, employees, attorneys, reinsurers, representatives, owners, shareholders, parent corporations, subsidiary corporations, affiliated corporations and business entities, heirs, executors, administrators, trustees, predecessors, and successors, and all those claiming by, through or under them are hereinafter referred to as the "Zurich Entities".

1.8   Brandon W. Van Booven ("Van Booven").

1.9   Northern, the Orricks, Pacific Underground Services and Brandon W. Van Booven are collectively referred to as the "Parties".

## 2.0 Recitals

This Agreement is entered into with reference to the following facts and definitions which apply throughout this Agreement:

2.1  Northern issued Policy No. SCP 37267185 to Randy & Sara Orrick dba Pacific Underground for the period of December 20, 2003 to December 20, 2004. This policy is referred to throughout the remainder of this Agreement as the "Northern Policy", and is incorporated herein as part of this Agreement.

2.2  Van Booven filed a lawsuit against the Orricks and Pacific Underground Services entitled *Brandon W. Van Booven v. Sara H. Orrick, et al.*, Contra Costa County Superior Court Case No. C 04-01838 ("*Van Booven* lawsuit").

2.3  The Orricks and Pacific Underground Services tendered the defense of the *Van Booven* lawsuit to Northern. Northern agreed to defend the Orricks and Pacific Underground Services subject to a reservation of rights denying potential coverage of the *Van Booven* lawsuit under the Northern policy.

2.4  Northern also filed a Complaint for Declaratory Relief in United States District Court for the Northern District of California entitled *Northern Insurance Company of New York v. Sara H. Orrick, dba, Pacific Underground Services, et al.*, Case No. C 05 02319 MMC alleging that it was not obligated to defend and indemnify the Orricks and Pacific Underground Services in the underlying *Van Booven* lawsuit ("the *Northern* lawsuit"). The Orricks, Pacific Underground Services and Van Booven dispute Northern's contention that it is not obligated to defend and indemnify them in the underlying *Van Booven* lawsuit.

2.5  A settlement agreement has been entered into between Van Booven and the Orricks and Pacific Underground Services with the consent and participation of Allstate and Northern for a total sum of $600,000.00.

/ / /

2.6  The funds received by Van Booven are to be as follows:

a.  $558,500.00 (Five Hundred Fifty Eight Thousand Five Hundred) as compensation for pain, suffering, and loss of enjoyment of life for personal injuries claimed, and

b.  $11,500.00 (Eleven Thousand Five Hundred) as compensation for past medical expenses.

Under no circumstances are the settlement funds to be allocated for any other claim which may have been brought by Van Booven, to include, but not limited to, loss of wages (past and/or future) or additional medical expenses (past and/or future), and all such claims by Van Booven are foreclosed by this Agreement.

2.7  The Parties stipulate that the above settlement is less than claimed by Van Booven, and that the settlement is not to be construed as making Van Booven whole, but is to act as consideration to the Agreement in order to avoid any further litigation by Van Booven.

2.8  The Parties now desire to fully and finally settle, on the terms set forth below, all claims relating to the *Northern* lawsuit.

**3.0  <u>Terms of the Settlement</u>**

3.1  Northern and the Orricks will pay $500,000.00 of the total sum of $600,000.00 paid to settle the underlying *Van Booven* lawsuit.

3.2  In exchange for Northern's and the Orricks' payment of $500,000.00 for the settlement of the underlying *Van Booven* lawsuit and dismissals of the *Van Booven* and *Northern* lawsuits with prejudice, the Parties shall mutually release each other as set forth in paragraphs 4.1 and 4.2 below.

    3.3    Each of the Parties to this Agreement shall bear all of their own attorneys' fees, costs, and other expenses arising out of any of the claims or disputes resolved by this Agreement. This does not include the defense as is incurred in the underlying *Van Booven* lawsuit.

**4.0**    **Mutual Release**

    4.1    In consideration of the terms and provisions of this Agreement, the Orricks, Pacific Underground Services, Van Booven and Northern on behalf of themselves, and all of their past, present, and future officers, directors, agents, employees, attorneys, representatives, owners, shareholders, parent corporations, subsidiary corporations, affiliated corporations and business entities, heirs, executors, administrators, trustees, predecessors, and successors, and all those claiming by, through or under them, do hereby fully, finally and forever mutually release, acquit and discharge each other of and from all claims, demands, actions, causes of actions, liabilities, debts, rights, attorneys' fees, costs, expenses, damages, and all other claims for relief of whatever kind, whether known or unknown, whether suspected or unsuspected, whether in the past, present or future, whether based upon contract, tort, statute or other legal or equitable theory of recovery, whether actual or potential, based on, arising out of, or in any way connected with or resulting from all investigation, defense, reserving, settlement negotiation, payment, non-payment, and other handling of the subject matter of the *Northern* lawsuit, including but not limited to claims for breach of contract, breach of the covenant of good faith and fair dealing, negligence, indemnity of any kind or description, contribution, subrogation, declaratory relief, violation of statute, misrepresentation, or any other type of actual or alleged breach of any equitable, legal or contractual duty.

    4.2    With respect to the release set forth in paragraph 4.1 above, the Parties agree that all rights under §1542 of the Civil Code of the State of California and any similar provision in any other jurisdiction are expressly waived. Section 1542 provides as follows:

4842-5774-8224.1                                4

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him, must have materially affected his settlement with the debtor."

4.3     The Parties acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters released herein, but nonetheless intend to fully, finally and forever settle and release all such matters and claims.

**5.0     Confidentiality**

The Parties, on behalf of themselves, their attorneys, and other representatives, agree not to disclose specific terms of this Agreement, or the amounts of the settlement which it memorializes, to any newspaper or other form (written, electronic, or otherwise) of media.

**6.0     Representations, Warranties and Agreements**

The Parties represent, warrant, and agree as follows:

6.1     The Parties had the opportunity to receive independent legal advice from attorneys of their own choice, with respect to the advisability of executing this Agreement, and prior to the execution of this Agreement, the Parties and their attorney(s) reviewed this Agreement and made all desired changes.

6.2     Except as expressly stated in this Agreement, and as memorialized in settlement agreements at the mediation, no party hereto has made any statement or representation to any other party hereto regarding any fact relied upon by such other party in entering into this Agreement, and the Parties specifically do not rely upon any statement, representation or promise of any other party in executing this Agreement, except as expressly stated in this Agreement.

6.3     There are no other agreements or understandings between the Parties hereto except as stated in this Agreement, save for the items in paragraph 6.2.

6.4     The terms of this Agreement are contractual, not a mere recital. This Agreement is the result of negotiations between the Parties, each of whom has participated in the drafting hereof through its representative attorneys.

6.5     This Agreement has been carefully read by, the contents are known and understood by, and it is signed freely by each party.

6.6     Each party to this Agreement has the power and authority to enter into and perform this Agreement.

6.7     The Parties have not assigned or transferred any claim, demand, action, cause of action, or right which is released by this Agreement.

6.8     Each party hereto agrees that it will not take any action which will interfere with the performance of this Agreement by any other party hereto, or which will adversely affect any of the rights provided for herein.

**7.0     Settlement**

This Agreement effects the settlement of claims (presently and potentially asserted) which are denied and contested, and nothing contained herein shall be construed as an admission by any party hereto of any liability of any kind to any other party hereto or to any other person, all such liability being expressly denied. This Agreement is restricted and limited to the matters addressed herein, and shall not be used by any party in any court or dispute resolution proceeding to infer coverage or to create, provide, or interpret claims under any of the policies issued by the Zurich Entities. This Agreement does not constitute a waiver of any term, condition, provision, exclusion, or coverage position asserted by any of the Parties. All Parties continue to reserve their rights

regarding any coverage position taken in any claim or dispute.

**8.0     Heirs, Successors And Assigns**

8.1     This Agreement shall inure to the benefit of, and shall be binding upon, the heirs, successors and assigns of the Parties hereto and each of them. This Agreement is intended to release and inure to the benefit the Orricks', Pacific Underground Services', the Van Booven's and Northern's respective past, present, and future officers, directors, agents, employees, attorneys, representatives, owners, shareholders, parent corporations, subsidiary corporations, affiliated corporations and business entities, insurers, reinsurers, heirs, executors, administrators, trustees, predecessors, and successors, individually as well as in the capacity indicated.

**9.0     Integration**

9.1     This Agreement constitutes a single, integrated, written contract expressing the entire agreement of the Parties hereto relative to the subject matter hereof, except for those underlying agreements entered into at the mediation. No covenants, agreements, representations or warranties of any kind whatsoever have been made by any party hereto, except as specifically set forth in this Agreement. All prior discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement.

**10.0     Severability**

10.1     In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect, so long as the purpose of the agreement can still be fulfilled.

**11.0     Construction Of Agreement**

11.1     This Agreement, and any ambiguities or uncertainties contained herein, shall be equally and fairly interpreted for the benefit of and against all Parties hereto, and construed without

reference to the identity of the Parties preparing this Agreement, on the express understanding and agreement that the Parties participated equally in the negotiations and preparation of this Agreement, and have had equal opportunity to do so. Accordingly, the Parties hereby waive the benefit of California Code of Civil Procedure §1654 and any successor or amended statute, providing that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.

**12.0   Governing Law**

12.1   This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California.

**13.0   Counterparts**

13.1   This Agreement may be executed in separate counterparts delivered by facsimile, each of which shall be deemed an original, but all of which together shall be deemed one and same instrument.

Dated: 3/23/06

*/s/ Sara H. Orrick*
Sara H. Orrick

Dated: 3/23/06

*/s/ Randall R. Orrick*
Randall R. Orrick

Dated: 3/23/06

*/s/ Sara H. Orrick*
Sara H. Orrick In Her Capacity As Partner For Pacific Underground Services

Dated: 3/23/06

*/s/ Randall R. Orrick*
Randall R. Orrick In His Capacity As Partner For Pacific Underground Services

4842-5774-8224.1

8

Dated: 3-22-06 _____  _____
                                         Brandon W. Van Booven

Dated: _____           _____
                                         Northern Insurance Company of New York

Dated: _____  _____
                                                        Brandon W. Van Booven

Dated: *March 16, 2006*  *[signature: Marua Caballero]*
                                                        Northern Insurance Company of New York

# RELEASE & SETTLEMENT AGREEMENT

This case having come before Hon. Ellen Sickles James (Ret.) for mediation at the offices of JAMS, and the parties having conferred, it is hereby stipulated that this matter is deemed settled pursuant to the following terms and conditions:

1. The defendants, Randy Orrick and Sara Orrick, Pacific Underground Services, and their insurers, Northern Insurance Company of New York and Allstate Insurance Company, including, but not limited to their past, present and future officers, directors, agents, employees, attorneys, representatives, owners, shareholders, parent corporations, subsidiary corporations, affiliated corporations, business entities, predecessors and successors shall pay to plaintiff, Brandon W. Van Booven, on behalf of himself and to all those claiming by, through or under him, including, but not limited to his spouses, children, heirs, executors, administrators, trustees, legal representatives, successors in interest, assigns, and to his attorney of record, John G. Platt, taxpayer identification number 68-0409582, the total sum of $600,000 as follows:

    a. $558,500.00 (Five Hundred Fifty Eight Thousand Five Hundred) as compensation for pain; suffering, and loss of enjoyment of life for personal injuries claimed, and

    b. $11,500.00 (Eleven Thousand Five Hundred) as compensation for past medical expenses.

Under no circumstances are the settlement funds to be allocated for any other claim which may have been brought by plaintiff to include, but not limited to, loss of wages (past and/or future) or additional medical expenses (past and/or future), and all such claims by plaintiff are foreclosed by this Agreement.

The Parties stipulate that the above settlement is less than claimed by plaintiff and that the

settlement is not to be construed as making plaintiff whole, but is to act as consideration to the Agreement in order to avoid any further litigation by plaintiff.

Of the above amount, Allstate Insurance Company, on behalf of its insureds, Sara and Randy Orrick, will pay the sum of $100,000 towards settlement of Case No. C04-O1838, *Van Booven v. Orrick, et al.* now pending in the Contra Costa Superior Court. The settlement must fully and completely resolve the case and result in a release of all claims and a dismissal of the suit under the terms and conditions put forth above. Each party shall bear its own attorneys' fees and court costs.

2. Plaintiff agrees to accept said sum in full settlement and compromise of the action and agrees that such payment shall fully and forever discharge, release, waive and relinquish all claims, demands, actions, causes of action, liabilities, debts, rights, attorneys' fees, costs, expenses, damages and all other claims for relief of whatever kind, whether now known or now unknown, whether suspected or unsuspected, whether in the past, present or future, whether based upon contract, tort, statute, or other legal or equitable theory of recovery, whether actual or potential, which plaintiff has against any and all of the defendants and defendants' insurers in this action, arising out of the incident that is the basis of plaintiff's lawsuit referenced herein, including, but not limited to wrongful death actions brought on behalf of plaintiff, his estate, or any others who may have standing under any applicable law or statute.

**This settlement includes an express waiver of Civil Code § 1542, which states:**

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

3. Plaintiff expressly waives and relinquishes the rights created under said California

Civil Code Section 1542. Plaintiff further agrees to sign and deliver to defendants a standard form of Dismissal with Prejudice of the entire action and all causes of action therein.

4. Plaintiff shall defend and indemnify the defendants in any action, (and defendants' liability insurance carrier(s)) against any and all liens (medical or otherwise), subrogation claims and other rights that may be asserted by any person against the amount paid in settlement of the action or against any recovery by the plaintiff in the action. Plaintiff and his counsel of record herein shall be solely responsible for payment, negotiation or compromise of any medical, healthcare insurance or union liens, if any.

5. Counsel for each of the parties to this agreement represents that they have fully explained to their client(s) the legal effect of this Agreement and of the Release and Dismissal with Prejudice provided for herein and that the settlement and compromise stated herein is final and conclusive forthwith, and each attorney represents that their client(s) have freely consented to and authorized this Agreement.

6. Payment of the stated settlement amount shall be made as soon as reasonably possible.

7. Each party will bear its own attorneys' fees and court costs.

8. Any provision of Evidence Code §§1115-1128 notwithstanding, this agreement may be enforced by any party hereto by a motion under Code of Civil Procedure §664.6 or by any other procedure permitted by law in the Superior Court of Contra Costa County.

9. The provision of the confidentiality agreement signed by the parties relative to this mediation are waived for purposes of enforcing this agreement as set forth above.

10. It is understood and agreed that this is a compromise settlement of a disputed claim

and that the payment of the consideration for this release shall not be deemed or construed as an admission of any liability to the plaintiff by the defendants.

///

Dated: 03-22-06

_____
Brandon W. Van Booven

The foregoing Release and Settlement Agreement
was executed under the direction and advice of

_____
John G. Platt, Esq.
Attorney for party executing this
Release and Settlement Agreement

Dated: 3/29/06
Approved as to form

_____
William G. Hoback
Attorney for Defendants Randy Orrick and Sara
Orrick, Pacific Underground Services

Dated: 3/24/06
Approved as to form

_____
Jeffrey M. Vucinich
Attorney for Defendants Randy Orrick and Sara
Orrick, Pacific Underground Services